UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICHARD PRICE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-660** |
| **GREAT LAKES DREDGE AND DOCK COMPANY, LLC** | **SECTION I** |

**ORDER AND REASONS**

The Court has received plaintiff's written objections[1] to portions of his medical records containing results of urinalysis tests which were positive for cannabis or cannibanoids. Defendant has filed an opposition.[2]

The parties submitted a joint proposed pretrial order on August 17, 2015,[3] and a revised proposed pretrial order on August 26, 2015.[4] In both versions, the records plaintiff now disputes are listed as a "Joint Unobjected to Exhibit,"[5] and at no point did plaintiff assert an objection to these portions of his medical records. Furthermore, after the pretrial conference, the Court ordered that written objections to exhibits be filed on or before September 1, 2015.[6] The objections to the urinalysis results were not filed until 5:01 PM on September 3, 2015.[7]

An order issued after a pretrial conference "controls the course of the action unless the Court modifies it." Fed. R. Civ. P. 16(d). Furthermore, "stipulations in a pretrial order bind the parties,

---

[1] R. Doc. No. 92.
[2] R. Doc. No. 99.
[3] R. Doc. No. 61.
[4] R. Doc. No. 72.
[5] R. Doc. No. 61, at 10; R. Doc. No. 72, at 9-10.
[6] R. Doc. 63, at 3.
[7] R. Doc. No. 92.

1

absent modification," and the Court "has broad discretion in determining whether or not a pretrial order should be modified or amended." *In re El Paso Refinery, L P*, 171 F.3d 249, 255 (5th Cir. 1999). "The Court may modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Absent manifest injustice, "[e]ven though amendment of the Pretrial Order may be allowed where no surprise or prejudice to the opposing party results, where . . . the evidence and the issue were known at the time of the original pretrial conference, amendments may generally be refused." *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 346 (5th Cir. 2002) (quoting *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.13 (5th Cir. 1985)). Failure to raise issues at a pretrial conference "may implicate waiver of the issue at the discretion of the trial court, subject to considerations of fairness and efficient administration of justice." *See id.* (quoting *Falstaff*, 767 at 193 n.13); *see also Alexander v. United States*, No. 08-4196, 2009 WL 2985472, at *3 (E.D. La. Sept. 15, 2009) (Barbier, J.) (explaining that "[i]t appears to be well within this Court's discretion to" allow amendment of a pretrial order based on a showing of either manifest injustice to the movant or lack of prejudice to the opposing party).

Plaintiff has failed to explain either his failure to list these exhibits as objectionable in the joint proposed pretrial order, or his failure to timely file an objection as ordered by the Court at the final pretrial conference. Defendant argues that plaintiff "has had these records for over two years and has never made any objection to them," and that as a result of the last-minute objections defendant is "forced to spend time and money opposing late pleadings as opposed to preparing for trial."[8] Under these circumstances, the Court concludes that no manifest injustice will occur if plaintiff's objections are deemed waived and the test results are admitted. The Court furthermore

---

[8]R. Doc. No. 99, at 2.

finds that defendant would be prejudiced in its preparation for trial if plaintiff was allowed to raise his untimely objections. Accordingly, the court exercises its discretion to deny plaintiff's untimely objections although, alternatively, the Court would deny the objections at this time even if plaintiff's objections to these portions of the medical records were timely.

First, plaintiff argues that the test results are inadmissible without testimony establishing "a proper foundation laid by a medical expert as to *the meaning* of the test result" or "a proper chain of custody for the test result."[9] Plaintiff does not specifically object to the admissibility of the medical records themselves which are admissible pursuant to Federal Rule of Evidence 803(6).[10] *See Wilson v. Zapata Off-Shore Co.*, 939 F.2d 260, 271 (5th Cir. 1991) ("The admissibility of hospital records under this exception is supported by the presumption of reliability that attaches to statements relating to treatment and medical history in such records."). Accordingly, plaintiff's concern regarding the proper chain of custody is rejected in view of the certification and lack of objection to the same. Plaintiff's concern as to the "meaning" of the test results go to the weight of the evidence and not the admissibility of such evidence. Plaintiff has the same opportunity as defendant to present testimony regarding the meaning of such test results.

Plaintiff also argues that the test results are irrelevant because they post-date the accident in this case by a month.[11] In response, defendant represents that it "does not intend to use the evidence

---

[9]R. Doc. No. 92, at 1 (emphasis added)

[10]At a status conference held on September 10, 2015, counsel for plaintiff stated that he has no objection to the form of the certification attached to the medical records containing the test results. R. Doc. No. 105.

[11]R. Doc. No. 92, at 2. The Court notes that plaintiff's briefing focuses on a November 11, 2012, test result, R. Doc. No. 99-1, at 6, but that the record also contains what appears to be a second test result dated January 9, 2013, R. Doc. No. 99-1, at 4.

of the positive urinalysis results to show that Plaintiff was intoxicated on the day of his accident."[12] Rather, defendant asserts that the positive test result is relevant because witnesses will testify that habitual use of marijuana "is indicative of a[n] increased probability of non-compliance with his treatment regime," which makes the test results potentially probative with respect to plaintiff's post-accident condition.[13] In addition to being relevant with respect to credibility issues, such evidence is relevant to damage issues such as plaintiff's future employability. The Court concludes that defendant has sufficiently articulated a basis for the relevance of the test results.

Plaintiff also asserts in a single sentence that "[a]ny probative value of this information is greatly outweighed by the potential prejudice."[14] The Court concludes that the danger of any unfair prejudice that could result from the admissibility of these portions of plaintiff's medical records does not substantially outweigh the probative value of the test results. Fed. R. Evid. 403.

Plaintiff also refers to Rule 609 of the Federal Rules of Evidence,[15] which governs impeachment of "a witness's character for truthfulness by evidence of a criminal conviction." Fed. R. Evid. 609(a). There is no evidence that the positive test results resulted in a criminal conviction. However, the Court is allowing such evidence to be introduced for the reasons stated above and not pursuant to Rule 609 of the Federal Rules of Evidence.

Finally, in addition to objecting to the admission of the test results themselves, plaintiff objects to any other evidence or testimony regarding the results.[16] The test results are admissible for the reasons set forth above, and plaintiff plainly has not established that all possible witness

---

[12] R. Doc. No. 99, at 3. The Court will entertain a jury instruction with respect to such limitation.
[13] R. Doc. No. 99, at 3.
[14] R. Doc. No. 92, at 2.
[15] R. Doc. No. 92, at 2.
[16] R. Doc. No. 92, at 1.

testimony regarding the test results will inadmissible. Accordingly, plaintiff's categorical objection is denied, reserving his right to raise objections to specific testimony at trial.

For the foregoing reasons,

**IT IS ORDERED** that plaintiff's objections to the urinalysis results are **DENIED**, reserving plaintiff's right to raise specific objections to specific testimony connected to the test results.

New Orleans, Louisiana, September 10, 2015.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**