UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RICHARD PRICE**                                **CIVIL ACTION**

**VERSUS**                                            **NO. 14-660**

**GREAT LAKES DREDGE AND DOCK**                 **SECTION I**
**COMPANY, LLC**

## ORDER AND REASONS

The Court has received plaintiff's written objections[1] to portions of the deposition of Dr. James T. John, and defendant's opposition.[2]

First, the Court concludes that the majority of plaintiff's objections, filed ten days before trial, are essentially untimely *Daubert*-based objections regarding the admissibility of such expert testimony. Defendant represents that Dr. John's reports,[3] based on his review of plaintiff's medical records, were produced to plaintiff on January 1, 2015.[4] Plaintiff should have filed a *Daubert* motion in sufficient time for submission on August 5, 2015.[5]

Alternatively, even if plaintiff had timely filed a *Daubert*-based motion, the Court would deny such motion. The Court finds that plaintiff's conclusory briefing does not establish that Dr. John went beyond his qualifications as a specialist in occupational medicine when he rendered his

---

[1] R. Doc. No. 95.
[2] R. Doc. No. 100.
[3] R. Doc. No. 100-3.
[4] R. Doc. No. 100, at 2.
[5] R. Doc. No. 47, at 1. In an August 26, 2015 order, the Court allowed the parties to submit Dr. John's deposition testimony and objections thereto by September 4, 2015. R. Doc. No. 71. The deadline for filing motions regarding the admissibility of expert testimony had already lapsed on August 5, however, and such order cannot reasonably be construed as authorizing an untimely *Daubert* motion.

opinions regarding the nature and symptoms of plaintiff's medical condition.[6] Dr. John was cross-examined by plaintiff's counsel during the deposition and it is clear to the Court that plaintiff's objections to the admissibility of certain portions of Dr. John's testimony go to the weight that the jury should assign to such testimony. Plaintiff's other complaints regarding Dr. John's testimony were addressed by counsel's cross-examination.

Second, with respect to non-*Daubert*-based objections, the Court rules as follows. In light of the Court's finding that plaintiff's urinalysis test results are admissible, the Court finds that the brief lines of questioning regarding those results are admissible. The Court finds that plaintiff's objections to the form of questions should be sustained in part with respect to the portions of the deposition at page 16, line 21 through page 17, line 4, and page 27, line 22 through page 28, line 1.

As to objected to evidence which objections have been overruled by the Court, the Court specifically finds that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, a confusion of the issues, and a misleading of the jury. Fed. R. Evid. 403.

Accordingly,

**IT IS ORDERED** that plaintiff's objections to the deposition of Dr. John are **SUSTAINED** with respect to page 16, line 21 through page 17, line 4, and page 27, line 22 through page 28, line 1, and **DENIED** in all other respects.

New Orleans, Louisiana, September 10, 2015.

LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE

---

[6]*See* R. Doc. No. 100-1, at 5-9.