**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

RICHARD PRICE                                                                    CIVIL ACTION

VERSUS                                                                                    NO. 14-660

GREAT LAKES DREDGE AND DOCK                                    SECTION I
COMPANY, LLC

<u>**ORDER AND REASONS**</u>

The Court has pending before it a motion[1] filed by plaintiff pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure to amend the judgment[2] entered on September 24, 2015. Defendant

opposes the motion.[3] For the following reasons, the motion is denied.

"A motion to alter or amend a judgment filed pursuant to Rule 59(e) serves the narrow

purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered

evidence." *Wilcox v. Max Welders, L.L.C.* 969 F. Supp. 2d 668, 687 (E.D. La. 2013) (Africk, J.)

(internal quotation marks and alterations omitted).[4] Plaintiff asserts two purported manifest errors

of law and fact in the Court's judgment.

First, plaintiff contends that the Court should have awarded prejudgment interest as to the

past damages component of the jury's verdict.[5] However, the jury awarded plaintiff damages only

with respect to his Jones Act claim,[6] and the law in the Fifth Circuit is that "prejudgment interest is

---

[1]R. Doc. No. 119.
[2]R. Doc. No. 118.
[3]R. Doc. No. 120.
[4]The Court entered the judgment on August 26, 2015, and RSUI filed its motion on
September 15, 2015, less than 28 days later. Accordingly, RSUI timely filed its motion. Fed. R.
Civ. P. 59(e).
[5]R. Doc. No. 119-1, at 3-4.
[6]R. Doc. No. 112-4.

1

not recoverable in Jones Act cases tried to a jury." *Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421, 1435 (5th Cir. 1988) (citation omitted); *accord Jauch v. Nautical Servs., Inc.*, 470 F.3d 207, 215 (5th Cir. 2006) ("Courts have generally recognized that the award of prejudgment interest may be appropriate in Jones Act cases *tried in admiralty*.") (emphasis added); *Williams v. Reading & Bates Drilling Co.*, 750 F.2d 487, 491 (5th Cir. 1985) (holding that "it is well settled that in an action at law" and tried to the jury, "the recovery of prejudgment interest is not permitted").[7] Accordingly, plaintiff has not identified any manifest error of law with respect to the unavailability of prejudgment interest.

Second, plaintiff contends that the Court erred when it reduced the jury's award of future medical costs by plaintiff's comparative fault because "those damages constitute future cure."[8] Plaintiff waived this argument by failing to assert in the final pretrial order[9] that cure was at issue and by representing to the Court before trial that cure would not be an issue.[10] Having failed to preserve the issue, plaintiff cannot now assert that the Court manifestly erred with respect to this issue.[11] Accordingly,

---

[7]The cases on which plaintiff relies were not Jones Act cases tried to a jury. *Couch v. Cro-Marine Transport, Inc.*, 44 F.3d 319, 327-28 (5th Cir. 1995) (discussing award of prejudgment interest as to LHWCA claim); *Reeled Tubing, Inc. v. M/V Chad G*, 794 F.2d 1026, 1028 (general maritime negligence claim); *Celtic Marine Corp. v. James c. Justice Companies, Inc.*, 2014 WL 2215755, at *1 (E.D. La. May 28, 2014) (non-Jones Act maritime case) (Barbier, J.).

[8]R. Doc. No. 119-1, at 4.

[9]R. Doc. No. 72.

[10]R. Doc. No. 63, at 1 ("The parties represented that general maritime law negligence and maintenance and cure will not be issues at trial.").

[11]This order and reasons has no bearing on any request for future cure by plaintiff.

**IT IS ORDERED** that plaintiff's motion is **DENIED**.

New Orleans, Louisiana, November 9, 2015.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**